UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JBS UNITED, INC. and  <br> STEPHEN K. WEBEL, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | 1:07-cv-1241- RLY-TAB |
| vs. | ) <br> ) <br> ) | |
| THORN BIOSCIENCE, LLC, and <br> JAMES LAUDERDALE, | ) | |
| Defendants. | | |

**ORDER ON MOTION TO COMPEL**

The parties appeared by counsel on September 12, 2008, for a discovery hearing. Argument was held and the Court resolved several motions but took under advisement Plaintiffs' motion to compel written discovery [Docket No. 51] pending full briefing of the matter. On December 4, 2008, after the motion was fully briefed, [*see* Docket Nos. 65, 71, and 77], the parties notified the Court that Defendants have made a supplemental production that may fully respond to two of Plaintiffs' requests regarding the possible sale or transfer of assets from Thorn BioScience LLC to one or more new companies. [Docket No. 80.] The exact extent to which this supplement is responsive remains to be determined by way of a Rule 30(b)(6) deposition. [*Id*.]

As for Plaintiffs' remaining request in the discovery motion—that the Court compel information sought in Interrogatory No. 6—the Court finds this request is well taken and should be granted. Defendants contend that Plaintiffs are not entitled to any further response to Interrogatory No. 6 because what Defendants provided Plaintiffs is sufficient. Plaintiffs

requested, the "earliest alleged date of reduction to practice," the "circumstances of reduction to practice," and "each individual who was involved in or has personal knowledge of the alleged reduction to practice of [the relevant claim] and his or her role in such reduction to practice." [Docket No. 65, Ex. 5, Interrog. No. 6.]  Defendants supplemented their original objection to Interrogatory No. 6 by providing a general recounting of Thorn's work and his contracts with JBS to conduct studies, as well as a list of "[i]ndividuals involved in, assisting with, or having contemporaneous knowledge about reduction to practice of subject matter claimed or disclosed in the '281 patent." [*Id*.]  Defendants suggest that from what they provided, "Plaintiffs can determine . . . the names of individuals who participated in the events that Defendants believe relate to the reduction to practice" and "whether the events described . . . occurred prior to Thorn's engagement of Webel to perform studies on Thorn's behalf." [Docket No. 65 at 9.]  Defendants further suggest that "Plaintiffs are free to conduct discovery regarding any events described in the Supplemental Response . . . ." [*Id*.]

Plaintiffs essentially argue that Defendants' response is not meaningful because it does not specifically answer the questions asked. [Docket No. 71 at 5.] Plaintiffs further contend that Defendants' offer that Plaintiffs are free to conduct further discovery based on the Supplemental Response is unhelpful because the deadline for discovery is closed and because Plaintiffs should not be required to seek the same information again in a future discovery request. [*Id*. at 5-7.] The Court agrees.  Defendants' response does not match the specificity of the question and Plaintiffs should not need to ask again to get a satisfactory answer.

But Defendants further object to answering Interrogatory No.6 on the grounds of relevance.  Interrogatory No. 6 requests "the circumstances surrounding the reduction in practice

2

of each independent and dependent claim" of the relevant patent. [Docket No. 52, Ex. A, Interrog. No. 6.] Defendants argue that this request is not relevant because Plaintiffs claim joint inventorship, and to prove such a claim they must prove contribution to the conception. [Docket No. 65 at 10-11.] Defendants contend that the "law is clear that a person does not become an investor by merely assisting an inventor after the conception of the claimed invention." [*Id*. at 11 (citing *Burroughs Wellcome Co. v. Barr Lab.*, 40 F.3d 1223, 1230-31 (Fed. Cir. 1994)).]

However, Plaintiffs point to the following holding of the Federal Circuit, which Defendants do not address:

> All that is required of a joint inventor is that he or she (1) contribute in some significant manner ***to the conception or reduction to practice of the invention***, (2) make a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and (3) do more than merely explain to the real inventors well-known concepts and/or the current state of the art.

[Docket No. 71 at 6 (quoting *Israel Bio-Engineering Project v. Amgen, Inc.*, 475 F.3d 1256, 1263-64 (Fed. Cir. 2007) (emphasis added)).] The primary point of this lawsuit is to determine whether Dr. Webel should be added as a joint inventor with Dr. Lauderdale to the '281 patent. [*See* Docket No. 39 at ¶ 1.] Evidence pertaining to the reduction of practice of the invention, which is part of one of the elements of determining joint inventorship, is relevant, particularly given that relevance is a broad concept, even under revised Fed. R. Civ. P. 26. *See Sanyo Laser Prods. v. Arista Records, Inc.*, 214 F.R.D. 496, 499-500 (S.D. Ind. 2003).

Accordingly, for these reasons, Plaintiffs' motion to compel is granted in part. Defendants shall supplement their responses to Interrogatory No. 6 within 20 days of the date of this order. To the extent that any additional discovery issues remain following the previously

referenced Rule 30(b)(6) deposition, counsel shall contact the Magistrate Judge if further assistance in resolution is needed.

Dated: 12/24/08

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Philip Douglas Barr
STOLL KEENON OGDEN PLLC
douglas.barr@skofirm.com

Jeff M. Barron
BARNES & THORNBURG LLP
jeff.barron@btlaw.com

John W. Bilby
STOLL KEENON OGDEN PLLC
john.bilby@skofirm.com

Stephen C. Hall
STOLL KEENON OGDEN PLLC
steve.hall@skofirm.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com